IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1553-02






TERRY WAYNE ZONE, Appellant



v.



THE STATE OF TEXAS






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY






 Meyers, J., filed a concurring opinion joined by Price, J.


CONCURRING OPINION 



 To me, testing a random sample of the rocks of crack cocaine is sufficient to show
that the entire substance recovered from appellant's mouth was crack cocaine adding up to
the alleged minimum weight. See Melton v. State, No. 2052-02 (Tex. Crim. App. Oct. 15,
2003). I write separately because I feel that the appellant brought the wrong point of error. 
Instead of examining the sufficiency of the evidence, I would consider this an admissibility
issue under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). 
Although at trial appellant only objected to the admission of the cocaine as the fruit of an
illegal search and on appeal argued that the evidence was legally insufficient to show that he
possessed more than one gram of cocaine, I would frame this issue as a question of the
reliability of the expert's methodology. Under Daubert, if an expert's opinion is not
methodologically reliable, then the opinion is inadmissible. Id. at 592-593. 

 Appellant argues that the testing of only a random sample relieves the State of the
burden of proving the weight of the substance, which affects the punishment range. 
Because only five of the 12 rocks of cocaine were tested and the expert did not weigh the
five tested rocks alone, appellant argues that the total weight of cocaine may have been less
than one gram, making him eligible for a lesser punishment range. Testimony at trial
focused on the expert's method of testing the evidence. Appellant attempted to point out
flaws in the expert's methodology and the reliability of testing only a sample then
extrapolating to the whole. 

 Direct Examination:

 [State]: Now, do you determine the weight first or do you determine the nature
of the substance first?

 [Expert]: Generally, we will weigh it first.

 [State]: Okay. This substance in question in this case, Exhibit 5, weighs how
much?

 [Expert]: Approximately 1.3 grams.

 ***

 Cross-Examination:

 [Appellant]: Okay. And so you didn't test all those rocks in here, correct?

 [Expert]: No. Not if they're all the same color and all the same consistency. 
We take a scientific sampling.

 [Appellant]: Okay. So do you know how much each one of those rocks weighs?

 [Expert]: No. They're very fragile and they break very easily so we go by the
total weight.

 ***

 [Appellant]: Okay. So as far as a determination that everything in that package is
cocaine and weighs more than one gram, that's not based on your
doing any test on all of those, is that correct?

 [Expert]: No. I would have to consume the entire thing in order to do that.

 ***

 Redirect:

 [State]: Sir, did you follow all procedures according to the HPD departmental
regulations and state law in terms of testing?

 [Expert]: Yes. I followed all of the standard procedures for sampling and
testing. 

 From this testimony, it appears that appellant was attempting to discredit the
expert's testimony that appellant possessed 1.3 grams of cocaine by attacking his method
of testing the evidence. The State, however, elicited testimony that the expert used a
scientifically accepted method of testing. It was within the trial judge's discretion to admit
the evidence for the jury to weigh in determining whether appellant possessed the requisite
amount of cocaine.

 Admissibility of evidence and the legal sufficiency of the evidence are often
interrelated, with the trial judge first determining whether to admit the evidence and then
the jury determining what weight to give the evidence. The real difference occurs on
appellate review. Here, it is likely that appellant argued legal insufficiency in order to
avoid the deferential abuse of discretion review used for admissibility of evidence. Legal
sufficiency of the evidence, however, is reviewed de novo. See Judge Harvey Brown,
Procedural Issues Under Daubert, 36 Hous. L. Rev. 1133, 1153-1158 (1999).

 Because I agree that the expert testimony in this case was both admissible and
legally sufficient to support the conviction, I join the majority's opinion.

 Meyers, J.

Filed: October 22, 2003

Publish